ORIGINAL

D+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
R.I., INC./d/b/a: SEATING SOLUTIONS;
LISA SUPRINA IN HER OFFICIAL
CAPACITY AS PRESIDENT AND
INDIVIDUAL CAPACITY AS A CITIZEN
OF THE UNITED STATES; SCOTT
SUPRINA IN HIS OFFICIAL CAPACITY AS
VICE PRESIDENT AND INDIVIDUAL
CAPACITY AS A CITIZEN OF THE
UNITED STATES; TONY ENGLISH IN HIS
OFFICIAL CAPACITY AS SECRETARY
AND INDIVIDUAL CAPACITY AS A
CITIZEN OF THE UNITED STATES,

**MEMORANDUM & ORDER**
Case No. 05-CV-5311 (FB) (ETB)

Plaintiffs,

-against-

MICHAEL McCARTHY, IN HIS
INDIVIDUAL CAPACITY AS DIRECTOR
FOR NJDOL; RAYMOND SMID IN HIS
INDIVIDUAL CAPACITY AND OFFICIAL
CAPACITY AS SECTION CHIEF NJDOL;
THEODORE E. TARDIFF IN HIS
INDIVIDUAL CAPACITY AS SUPERVISOR
NJDOL,

Defendants.
-----------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
ANTHONY REITANO, ESQ.
VINCENT SPATA, ESQ.
Anthony F. Reitano, LLC
8817 3rd Avenue
Brooklyn, NY 11209

*For the Defendants:*
ALLISON NEIDOFF, ESQ.
Gibbons Del Deo Dolan et al
One Penn Plaza
37th Floor
New York, NY 10119

1

**BLOCK, Senior District Judge:**

Plaintiff R.I., Inc., a New York corporation, brought this action against three public officials at the New Jersey Department of Labor, Division of Wage and Hour Compliance ("N.J. DOL"), contending that the defendants violated 42 U.S.C. §§ 1983, 1985 by wrongfully bringing administrative charges against the plaintiff for violations of New Jersey's Prevailing Wage Act, N.J. Stat. Ann. §§ 34:11-56.25-.57. The defendants have moved, *inter alia*, to transfer the action to the District of New Jersey. For the reasons stated in open court on February 28, 2006, as recapitulated in this Memorandum and Order, the motion is granted.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." The factors relevant for determining whether transfer is warranted are:

> (1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Dealtime.com v. McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000).

Two of these factors – the locus of operative facts and the forum's familiarity with the governing law – strongly weigh in favor of transferring the action to the District

of New Jersey and, with the exception of the plaintiff's choice of forum, the remaining are neutral. With respect to the locus of operative facts, virtually all of the actions alleged in the complaint occurred in the District of New Jersey – not the Eastern District of New York. Plaintiff was subcontracted to install spectator seating at three New Jersey public works projects. As plaintiff was performing the duties required by the contract, an individual from a New Jersey-based union visited one of the job sites in New Jersey and threatened to have the contract transferred to the New Jersey-based union. Shortly thereafter, inspectors from the N.J. DOL visited that same New Jersey job site and initiated an investigation against the plaintiff for numerous violations of New Jersey's Prevailing Wage Act. With respect to the forum's familiarity with the governing law, although the two forums are equally familiar with the applicable federal law, the District of New Jersey has more familiarity with New Jersey's Prevailing Wage Act. Accordingly, transfer is appropriate.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

March 2, 2006
Brooklyn, New York